IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

* * * * * * * * *

| | |
|---|---|
| ABE LEHI, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil No. 2:04-CV-969BSJ |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | **ORDER** |
| ) | |
| Respondent. ) | **FILED** |
| _____ ) | CLERK, U.S. DISTRICT COURT |
| ) | March 22, 2006 (4:04pm) |
| UNITED STATES OF AMERICA, ) | DISTRICT OF UTAH |
| ) | |
| Plaintiff, ) | Crim. No. 2:92-CR-36A |
| vs. ) | |
| ) | |
| ABE LEHI, ) | |
| ) | |
| Defendant. ) | |

* * * * * * * * *

On October 19, 2004, Abe Lehi, filed his "Defendant's Motion for Review of a Sentence" in *United States of America vs. Abe Lehi*, Case No. 2:92-CR-36 (D. Utah), which the Clerk of this Court treated as a motion to vacate, set aside or correct a sentence pursuant to 28 U.S.C.A. § 2255 (Supp. 2004), thus commencing *Abe Lehi vs. United States of America*, Case No. 2:04-CV-969J (D. Utah, filed October 19, 2004). Based upon the court's determination to treat Lehi's prior "Motion to Correct Judgment," filed April 17, 2002 (dkt. no. 1), in *Abe Lehi v. United States of America*, Civil No. 2:02-CV-317BSJ (D. Utah), as a motion made at least in part pursuant to 28 U.S.C. § 2255 (2000), the court dismissed Lehi's 2004 motion as a "second or successive" § 2255 motion for which Lehi had not obtained an order from the court of appeals

permitting its filing, as is now required by the statute.  (*See* Order, filed January 10, 2005 (dkt. no. 4)).

Lehi appealed that dismissal.

In its Order, filed February 13, 2006, in *United States v. Abe Lehi*, Case No. 05-4029 (10th Cir.), the court of appeals concluded that this court had failed to give notice to Lehi concerning the procedural consequences of treating his 2002 motion as a § 2255 motion and offering Lehi an opportunity to withdraw or amend that motion in light of those consequences, as required by *Castro v. United States*, 540 U.S. 375 (2003), and prior Tenth Circuit precedent.  The court of appeals nevertheless denied Lehi's request for a certificate of appealability, concluding that the error under *Castro* was harmless because in any event, the time for filing of *any* § 2255 motion challenging Lehi's August 24, 1993 sentencing had expired as of April 24, 1997.

The court of appeals' ruling creates a paradox:

(1) Under *Castro*, Lehi's 2002 motion "cannot be considered a first § 2255 motion," *Castro*, 540 U.S. at 383, and this court's recharacterization of Lehi's 2002 motion has no binding legal effect in subsequent proceedings, *id.* at 383-384;

(2)  Lehi's 2004 motion "cannot be considered  a 'second or successive' motion," (unless Lehi agrees to the recharacterization of his 2002 motion as a first § 2255 motion), *id.* at 383;

(3) In light of the court of appeals' finding of error in this court's recharacterization of Lehi's 2004 motion as a § 2255 motion without prior notice to Lehi as required by *Castro*, Lehi's 2004 motion likewise cannot be treated as his *first* § 2255 motion (unless Lehi were to agree); *therefore*,

(4) No certificate of appealability was required under 28 U.S.C. § 2253 and Fed. R. App. P. 22 to appeal from this court's January 10, 2005 Order denying Lehi's 2004 motion.

In effect, then, the court of appeals denied Lehi a certificate of appealability as to a proceeding in which it turns out that no certificate of appealability was required, given the court of appeals' ruling regarding *Castro* error.[1]

The jurisdictional basis asserted by Lehi for his October 19, 2004 "Motion for Review of a Sentence" is 18 U.S.C. § 3742(a) (2000). Section 3742(a) authorizes criminal defendants to take a direct appeal to the court of appeals from the sentence imposed upon them on the grounds set forth in the statute.

The court of appeals decides the lawfulness of sentences under § 3742. *See* 18 U.S.C.A. § 3742(e) (2000). Section 3742(a) does not furnish a statutory basis for collateral review of a federal sentence by a federal district court independent of the relief available under 28 U.S.C. § 2255 (2000). *See, e.g., United States v. Auman*, 8 F.3d 1268, 1270-1271 (8th Cir. 1993); *Jones v. United States*, 214 F. Supp. 2d 780, 783 (E.D. Mich. 2002).

This court is not the court of appeals, and has no subject-matter jurisdiction under 18 U.S.C. § 3742(a) to review Lehi's August 24, 1993 sentencing.

The court of appeals' finding of error in this proceeding in light of *Castro* and prior Tenth Circuit precedent invalidated the underlying legal basis for this court's January 10, 2005 Order—denial of Lehi's October 19, 2004 motion as a "second or successive" motion under §

---

[1] As it stands, then, on the existing record considered in light of *Castro* and the court of appeals' ruling last month, to date Lehi has filed *no* § 2255 motions. Judge Easterbrook's suggestion that "all later collateral attacks must be seen for what they are" and that "[a] captioning error in a successive collateral proceeding cannot cost the prisoner any legal entitlement, so *Castro*'s warn-and-allow-withdrawal approach does not apply," *United States v. Lloyd*, 398 F.3d 978, 980 (7th Cir. 2005), presupposes that some prior motion by the petitioner has been correctly treated as a *first* § 2255 motion. A proceeding can be "successive" only if it was preceded by another similar proceeding treated as such.

2255—and the latter order therefore cannot stand.

To ensure the integrity of this court's record and to help resolve the paradox recently created by the court of appeals,

**IT IS ORDERED** that this court's Order, filed January 10, 2005 (dkt. no. 4), is hereby VACATED;

**IT IS FURTHER ORDERED** that Lehi's "Motion for Review of a Sentence," filed October 19, 2004 (dkt. no. 1), is hereby DISMISSED for lack of subject-matter jurisdiction under 18 U.S.C. § 3724(a) (2000).

DATED this 21 day of March, 2006.

BY THE COURT:

_____
Bruce S. Jenkins
United States Senior District Judge